UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

CHARLES J. MILLER,            )
                              )
    *Plaintiff*,              )
                              )
v.                            )      4:08-cv-41
                              )      *Mattice*
                              )
RANDY WILDES,                 )
                              )
    *Defendant*.             )

## **MEMORANDUM**

This is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the defendant's motion for summary judgment. Plaintiff has not filed a response to the motion for summary judgment and the court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the defendant's motion for summary judgment [Court File No. 20] will be **GRANTED**. This action will be **DISMISSED WITH PREJUDICE**. All other pending motions will be **DENIED** as **MOOT**.

I.   Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). *See also Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *Securities and Exchange Commission v. Blavin*, 760 F.2d 706, 710 (6th Cir. 1985). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

> Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. The dispute must also be genuine. The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the non-moving party. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial.

*60 Ivy Street Corp. v. Alexander*, 822 F.2d at 1435-36 (citations omitted).

Once the moving party presents evidence sufficient to support a motion for summary judgment, the non-moving party is not entitled to a trial merely on the basis of allegations.

2

The non-moving party must present some significant probative evidence to support its position. *White v. Turfway Park Racing Association, Inc.*, 909 F.2d 941, 943-44 (6th Cir. 1990); *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). Mere allegations of a cause of action will no longer suffice to get a plaintiff's case to the jury. *Cloverdale Equipment Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

II. <u>Factual Background</u>

Plaintiff brought this action while in the custody of the Tennessee Department of Correction; he has since been released from confinement. The defendant is Randy Wildes, a police officer with the City of Decherd, Tennessee. Plaintiff's complaint concerns allegations of false arrest and false imprisonment due to an incident which occurred on October 26, 2006. According to plaintiff, he was unlawfully arrested on that date by defendant Wildes on a charge of driving under the influence (DUI). As a result of the DUI

3

arrest, plaintiff's supervision on another conviction was violated and he was sent to prison. The DUI charge was then dismissed on May 8, 2007. Plaintiff filed his complaint on May 7, 2008.[1] The defendant contends that plaintiff's case is barred by the applicable statute of limitation.

III.   Discussion

Federal courts must refer to state statutes and state law to determine the statute of limitation and tolling rules with respect to an action brought pursuant to 42 U.S.C. § 1983. *Board of Regents v. Tomanio*, 446 U.S. 478 (1980). The applicable statute of limitation controlling a civil rights action for damages in the State of Tennessee is Tenn. Code Ann. § 28-3-104, which provides a one (1) year period in which a civil rights lawsuit may be commenced after the cause of action accrued; the statute begins to run when the plaintiff knows or has reason to know of the injury upon which his action is based. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

In plaintiff's case, the one-year statute of limitation began to run on the date of his arrest, not when charges were later dismissed. *See Wallace v. Kato*, 549 U.S. 384, 397

---

[1] The complaint was received by the Clerk's Office on May 12, 2008. However, the envelope bears a stamp showing it was received by the prison mail room for mailing on May 7, 2008. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

4

(2007) ("We hold that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."). Because plaintiff filed his complaint more than one year after his arrest, his complaint is time-barred and the defendants are entitled to judgment as a matter of law on that basis.

IV. Conclusion

The defendant's motion for summary judgment will be **GRANTED** based upon the statute of limitation. This action will be **DISMISSED WITH PREJUDICE**. All other pending motions will be **DENIED** as **MOOT**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

*/s/Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE

5